REDMANN, Judge.
Plaintiff appeals from the dismissal on the merits of his action for personal injury suffered when he was rear-ended by defendants’ truck.
The truck driver testified plaintiff’s car was stopped without lights at night in a fog-patched area on a 50 mph limit highway. The truck driver realized the car’s presence too late to avoid collision.
The doctor who examined plaintiff at á hospital shortly after the accident testified he appeared to be intoxicated. Plaintiff testified he remembered nothing after the accident until awakening in the hospital during suturing (though others testified he talked and walked about). He claimed he was driving 45 or 50 mph when struck from the rear. The truck left 45 feet' of skidmarks before and 125 feet after impact; the car left no skidmarks but trav-elled 120 feet after impact. A photograph shows heavy damage to the left rear of the car, which was a total loss. While there are unknown factors (e. g., how much of the truck’s momentum was transmitted into the car), these facts suggest that (1) the truck cannot have been exceeding the 50 mph limit very much (55 mph was admitted) or it could not have braked to a stop in 170 (45 + 125) feet or so; and (2) the car’s speed had to be much less than that of the truck since (a) the truck’s decrease in speed from 55 mph or so during the 45-foot braking before impact would have resulted in minimal impact, rather than that photographed, with a car going 45 to 50 mph and (b) a car travelling 45 or 50 mph, receiving further momentum from a strong rear-end crash like that photographed, *196 would not have come to a stop in 120 feet without hard braking leaving skidmarks.
Two witnesses, testifying they saw the accident, supported plaintiffs version. Their testimony was rejected by the trial judge.
There is no way for a reviewing court to hold, as appellant suggests, that the truck driver had a “last clear chance” to avoid the accident.
A trial court’s “reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review .” Canter v. Koehring Co., La. 1973, 283 So.2d 716, 724.
The judgment is affirmed.